UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Derick Charles Wilcox, #306289, | ) | C/A No. 4:26-139-RMG-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| N.P. Brown, | ) | |
| Medical, Broad River C.I., | ) | |
| Ms. Irvin, Mr. Furness, | ) | |
| Mr. Duncan, | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a state prisoner, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**<u>STANDARD OF REVIEW</u>**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## **DISCUSSION**

Plaintiff's action is subject to dismissal for failure to state a claim upon which relief can be

granted in part as to some of the Defendants.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff asserts the rights violated are under the First, Fifth, and Eighth Amendments. (ECF No. 1 at 4). Plaintiff's allegations appear to only sound from the Eighth Amendment. Plaintiff requests injunctive relief in the form of medical care and monetary damages. (ECF No. 1 at 7). Plaintiff alleges as injuries feet pain, chest pain, damage to eyes, increased risk for heart attack and stroke, kidney damage, oral health damage, nerve damage, pain and numbness in legs, and increased risk of amputation. Plaintiff attaches an affidavit from himself as to his history with medical staff and diabetes and affidavits from others. (ECF Nos. 1-1, 1-2).

Plaintiff alleges Defendant Brown was deliberately indifferent to his serious medical needs by not treating his high blood sugar levels and waiting for ninety days to treat him further. (ECF No. 1 at 5). Plaintiff provides a twice daily blood sugar log, with several readings in the 300s, 400s, and 500s and an A1C of 9.9. (ECF Nos. 1-2 at 5; 1-1 at 1). Plaintiff also alleges Defendant Brown denied orthopedic shoes. Plaintiff wrote several grievances about shoes and put in for sick calls when his blood sugar levels where very high and Defendant Brown repeatedly stated she was going to wait

ninety days. Other nurses on duty noticed the high levels, were concerned, and emailed Brown. Brown still refused to adjust Plaintiff's insulin. Plaintiff alleges Defendant Furness was deliberately indifferent to his serious medical needs by not having him evaluated for orthopedic shoes and stating generally that inmates sell the shoes for contraband; Plaintiff provided affidavits signed under penalty of perjury of other diabetics being provided orthopedic shoes at no cost. (ECF No. 1-2). Plaintiff alleges Defendant Duncan violated his rights by denying orthopedic shoes. As to Defendants Brown, Duncan, and Furness, Plaintiff's allegations liberally construed are sufficient to withstand summary dismissal and this same day service and issuance of summonses as to Defendants Brown, Duncan, and Furness has been authorized by separate order.

Plaintiff conclusory alleges Defendant Irvin committed "deliberate indifferent to my serious medical needs" without more and not in compliance with Rule 8. Defendant Irwin is subject to summary dismissal for failure to state a claim upon which relief can be granted.

Plaintiff sues "Medical Broad River C.I" but no allegations regarding this Defendant are in the Complaint. Plaintiff was previously informed "Medical Broad River" is not a defendant amenable to a § 1983 action. *See Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir.2001) (finding that a medical department is not a person amenable to suit under § 1983); (ECF No. 8). Plaintiff did not provide service documents for this defendant. Defendant "Medical Broad River C.I" is subject to summary dismissal.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the Complaint(ECF No. 1) in this case. Specifically, it is recommended that Defendants Irvin and Medical Broad River C.I be summarily dismissed without prejudice and without issuance and service of process. In a

separately docketed order, the court has authorized the issuance and service of process on the

remaining Defendants Brown, Furness, and Duncan.

<table>
<tr><td></td><td>s/Thomas E. Rogers, III</td></tr>
<tr><td>February 18, 2026</td><td>Thomas E. Rogers, III</td></tr>
<tr><td>Florence, South Carolina</td><td>United States Magistrate Judge</td></tr>
</table>

**Plaintiff's attention is directed to the important notice on the next page.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).