## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA

Derick Charles Wilcox, #306289

        Plaintiff,

    v.

N.P. Brown, Medical Broad River C.I., Mr. Irvin, Mr. Furness, Mr. Duncan,

        Defendants.

Case No. 4:26-cv-139-RMG

**ORDER**

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that Defendants Medical, Broad River C.I, and Mr. Irvin be summarily dismissed because Plaintiff has failed to allege claims against these two defendants upon which relief can be granted. (Dkt. No.15).  Plaintiff was advised that he had 14 days to file written objections to the R & R and a failure to file written objections would result in limited clear error district court review and waiver of the right to appeal the decision of the district court. (*Id*. at 6).  No objections have been filed.

### I.     Background

Plaintiff, a state prisoner acting pro se, filed suit against various defendants in which he alleges were deliberately indifferent to his serious medical needs.  The Magistrate Judge detailed in his R & R issues surrounding certain defendants' alleged failure to provide timely care for out of control blood sugar and Plaintiff's need for orthopedic shoes.  The Magistrate Judge concluded that the allegations against Defendants Brown, Duncan and Furness were sufficient to survive

initial summary review and authorized the issuance of summons regarding these defendants. (*Id.* at 4). The Magistrate Judge found that the complaint failed to allege sufficient facts to support claims against Defendants Medical Broad River C.I. and Irvin and recommended these claims be summarily dismissed without prejudice and without issuance and service of process. (*Id.* at 4-5).

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that only the claims against Defendants Medical Broad River C.I. and Irvin were subject to summary dismissal. The Court adopts the R & R of the Magistrate Judge (Dkt. No. 15) as the order of the Court and summarily dismisses Defendants Medical Broad River C.I. and Irvin as parties to this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_s/Richard M. Gergel_
Richard Mark Gergel
United States District Judge

March 11, 2026
Charleston, South Carolina